UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANNY E. BAXTER,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 20-cv-44-JPG
Criminal No. 16-cr-40010-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Danny E. Baxter's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.    Background**

    In October 2016, Baxter pled guilty to one count of possession of child pornography, and in February 2017, the Court sentenced him to serve 24 months in prison. He served that sentence and began serving his term of supervised release in October 2017. Apparently, it did not go well. On December 7, 2018, Baxter was taken into custody on state charges. His conduct also served as a basis for a petition to revoke his federal supervised release. A few months later, Assistant Federal Public Defender Judith A. Kuenneke was assigned to represent Baxter in the federal revocation proceedings. On April 25, 2019, Baxter admitted the allegations in the petition to revoke, and the Court revoked his supervised release and sentenced him to serve 18 months in prison. Baxter did not appeal his sentence. Accordingly to the Bureau of Prisons ("BOP") website, Baxter was released from prison on March 18, 2020. *See* Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited May 7, 2020).

    In his January 2020 § 2255 motion, Baxter claims that Kuenneke provided constitutionally ineffective assistance of counsel because of her advice to him before he admitted the allegations in the petition to revoke. Specifically, Baxter claims Kuenneke assured him that he would receive

credit toward his revocation sentence for the time—he claim 115 days—that he spent in jail from December 2018 until his supervised release was revoked in April 2019.  Apparently, once he arrived in federal prison to serve his revocation sentence, the Bureau gave him a release date that did not account for Baxter's jail time.  He asks the Court to award him jail credit because of Kuenneke's ineffective assistance.  He does not challenge his admission of the supervised release violations.

**II.     Analysis**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief.  The Court will therefore deny the motion.

Relief under § 2255 is available if a defendant's sentence "was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law. . . ." 28 U.S.C. § 2255(a).  "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"  *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Baxter's argument rests on one fundamental misunderstanding of his Sixth Amendment right to counsel—that it applies to him.  The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). However, the constitutional right to counsel generally does not extend to proceedings for revocation of supervised release unless "the defendant makes a colorable claim '(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate.'" *United States v. Eskridge*, 445 F.3d 930, 932, 933 (7th Cir. 2006) (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973)). Baxter, who admitted the allegations in the revocation petition and stands by those admissions today, does not fall into either category. Therefore, he had no constitutional right to counsel for his revocation proceedings that could be challenged in a § 2255 proceeding.

Even if Baxter had had a constitutional right to effective assistance of counsel in his revocation proceedings, the Court would find that Kuenneke provided adequate assistance. Counsel is constitutionally ineffective where her performance fell below objective standards for reasonably effective representation and where that deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Kuenneke was not deficient in her advice to Baxter about credit for the time he spent in jail; she correctly advised him that in his circumstances it would count toward his federal revocation sentence. *See* 18 U.S.C. § 3585(b). And while it appears the BOP did not immediately recognize this, informing him of a release date in July 2020 that did not account for his jail time served, it appears it has corrected this error and released Baxter in March 2020.

Finally, the Court rejects Baxter's § 2255 motion because the relief he seeks—credit toward his sentence—is not available through a § 2255 motion. It is only available through a petition under

28 U.S.C. § 2241 challenging the BOP's calculation of his sentence and filed in the district of incarceration after exhaustion of administrative remedies. *See United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019).

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Baxter has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Baxter's § 2255 motion (Doc. 1), **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  May 8, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**